JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nationwide Mutual Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Columbus, Ohio
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

William T. Salzer, Esquire, Swartz Campbell LLC,
1650 Market Street, 38th Floor, Phila., PA 19103

## DEFENDANTS

David Randall Associates, Inc. and City Select Auto Sales,
Inc., Ind. and on behalf of identified class members

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government
  Plaintiff
- [ ] 2   U.S. Government
  Defendant
- [ ] 3   Federal Question
  *(U.S. Government Not a Party)*
- [X] 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product    Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |    Liability   [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &    Pharmaceutical | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
|    & Enforcement of Judgment |    Slander    Personal Injury | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'    Product Liability | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted |    Liability   [ ] 368 Asbestos Personal | |    New Drug Application | [ ] 470 Racketeer Influenced and |
|    Student Loans | [ ] 340 Marine    Injury Product | | [ ] 840 Trademark |    Corrupt Organizations |
|    (Excludes Veterans) | [ ] 345 Marine Product    Liability | | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment |    Liability   **PERSONAL PROPERTY** | **LABOR** |    Act of 2016 |    (15 USC 1681 or 1692) |
|    of Veteran's Benefits | [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | | [ ] 485 Telephone Consumer |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending |    Act | **SOCIAL SECURITY** |    Protection Act |
| [ ] 190 Other Contract |    Product Liability   [ ] 380 Other Personal | [ ] 720 Labor/Management | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal    Property Damage |    Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise |    Injury   [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) |    Exchange |
| | [ ] 362 Personal Injury -    Product Liability | [ ] 751 Family and Medical | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** |    Medical Malpractice |    Leave Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | **CIVIL RIGHTS**   **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 440 Other Civil Rights   **Habeas Corpus:** | [ ] 791 Employee Retirement | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 441 Voting   [ ] 463 Alien Detainee |    Income Security Act | [ ] 870 Taxes (U.S. Plaintiff |    Act |
| [ ] 240 Torts to Land | [ ] 442 Employment   [ ] 510 Motions to Vacate | |    or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 443 Housing/    Sentence | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property |    Accommodations   [ ] 530 General | |    26 USC 7609 |    Act/Review or Appeal of |
| | [ ] 445 Amer. w/Disabilities -   [ ] 535 Death Penalty | **IMMIGRATION** | |    Agency Decision |
| |    Employment   **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities -   [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | |    State Statutes |
| |    Other   [ ] 550 Civil Rights |    Actions | | |
| | [ ] 448 Education   [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - | | | |
| |    Conditions of | | | |
| |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original
  Proceeding
- [ ] 2 Removed from
  State Court
- [ ] 3 Remanded from
  Appellate Court
- [ ] 4 Reinstated or
  Reopened
- [ ] 5 Transferred from
  Another District
  *(specify)*
- [ ] 6 Multidistrict
  Litigation -
  Transfer
- [ ] 8 Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332 and 28 U.S.C. § 2201

Brief description of cause:
Declaratory Judgments Act, 28 U.S.C. §2201

## VII. REQUESTED IN COMPLAINT:

- [X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____ DOCKET NUMBER _____

DATE   10/6/20

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ One Nationwide Plaza, Columbus Ohio 43215 _____

Address of Defendant: _____ 219 Maple Avenue, P.O. Box 123, Harleysville, Pennsylvania 19438 _____

Place of Accident, Incident or Transaction: _____ 219 Maple Avenue, P.O. Box 123, Harleysville, Pennsylvania 19438 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　Yes ☐　No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　　Yes ☐　No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?　　Yes ☐　No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　　Yes ☐　No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/5/20 _____　_____ *(sign here)* _____　42657 _____
　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.　Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.　Diversity Jurisdiction Cases:**

- ☒ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ *(signature)* _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 10/5/20 _____　_____ *(Sign here if applicable)* _____　42657 _____
　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

Nationwide Mutual Insurance Company    :       CIVIL ACTION
                               :
           v.              :
David Randall Associates, Inc. and City Select  :
Auto Sales, Inc., individually and on behalf of  :       NO.
identified class members

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( xx)

October 7, 2020        William T. Salzer, Esquire        Plaintiff
**Date**                 **Attorney-at-law**           **Attorney for**

215-299-4346        215-299-4301        wsalzer@swartzcampbell.com
**Telephone**          **FAX Number**         **E-Mail Address**

**(Civ. 660) 10/02**

JS 44 Reverse (Rev. 10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**SWARTZ CAMPBELL LLC**
**BY:** William T. Salzer
Identification Nos. 42657
One Liberty Place - 38th Floor
1650 Market Street
Philadelphia, PA 19103
(215) 299-4346
wsalzer@swartzcampbell.com

**Attorneys for Plaintiff,**
Nationwide Mutual Insurance Company

---

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY <br><br>        Plaintiff, <br><br>    vs. <br><br> DAVID RANDALL ASSOCIATES, INC. AND CITY SELECT AUTO SALES, INC. individually and on behalf of identified class members, <br><br>        Defendants. | CIVIL ACTION <br><br> NO. |

**DECLARATORY JUDGMENT CLASS ACTION COMPLAINT**

  Plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), by its undersigned counsel, brings this Declaratory Judgment-Class Action Complaint pursuant to the Declaratory Judgments Act, 28 U.S.C. §2201, and avers as follows:

**I.**  **PARTIES**

  1.  Plaintiff, Nationwide Mutual Insurance Company is a corporation is incorporated in the state of Ohio and which maintains a principal place of business at One Nationwide Plaza, Columbus Ohio 43215.

1

2.     Nationwide is the successor by merger to Harleysville Mutual Insurance Company ("Harleysville"). The rights and obligations of Harleysville Mutual Insurance Company pertaining to the Policy are vested with Nationwide Mutual Insurance Company by virtue of the merger.

3.     Plaintiff brings this Declaratory Judgment Action against City Select Auto Sales, Inc. and the class of individuals identified herein in accordance with Fed. R. Civ. P. 23.

4.     David Randall Associates, Inc. ("DRA") is a Pennsylvania corporation organized and existing with a registered address of 219 Maple Avenue, P.O. Box 123, Harleysville, Pennsylvania 19438.  DRA is named as a potentially interested party only.  Upon information and belief, DRA is defunct; however, the corporation has not been dissolved and remains in good standing in Pennsylvania.

5.     City Select Auto Sales, Inc. ("City Select") is a corporation organized and existing under the laws of the state of New Jersey with an address at 4375 Route 130 South, Burlington, New Jersey 08016.

6.      City Select was appointed as a class representative in the civil action, City Select Auto Sales, Inc. v. David Randall Associates, Inc., No. 11-cv-2658 (D.N.J.) ("the Underlying Action).  A true and correct copy of the Class Certification Order is attached as Exhibit A.

7.     In the Underlying Action, City Select brought a class action complaint on behalf of recipients of unsolicited "junk fax" advertisements sent on behalf of

2

DRA to City Select and other members of the Class. A true and correct copy of the Complaint in the Underlying Action is attached as Exhibit B.

8. The certified class consists of all persons or entities with whom DRA did not have an established business relationship, who were successfully sent unsolicited fax advertisements during the period March 29, 2006 through May 16, 2006 ("the Class"). See Opinion and Order, Hon. Jerome B. Simandle, March 27, 2015, Exhibit C.

II. **JURISDICTION and VENUE**

9. This is action is brought under the Declaratory Judgments Act, 28 U.S.C. §2201.

10. This court has jurisdiction over the Plaintiff's claim pursuant to diversity jurisdiction conferred under 28 U.S.C. §1332 because the amount in controversy is over $75,000.00 and the lawsuit involves citizens of different states.

11. Nationwide is a citizen of the state of Ohio. Defendant City Select is a citizen of the state of New Jersey. The members of the class are residents of Pennsylvania, New Jersey and Delaware.

12. The subject action concerns a dispute over whether Nationwide is obligated to indemnify DRA for the judgment secured by City Select on behalf of the Class against DRA in the Underlying Action.

13. The class members of the Class in the Underlying Action reside in New Jersey, Pennsylvania and Delaware.

14.     According to the record in the Underlying Action, DRA requested that its vendor send the blast fax advertisement to businesses in more than 70 zip code addresses in Pennsylvania as well as in New Jersey and Delaware.

15.     On August 19, 2014, City Select secured a judgment in favor of the Class and against DRA in the Underlying Action in the amount of $22,405,000.

16.     City Select, in its capacity as the class representative, represents the interests of Pennsylvania class members with respect to their attempts at a monetary recovery on the judgment.

17.     Harleysville issued a Businessowners liability insurance policy to DRA which was in effect for the period covering the blast fax advertisements and which conferred a liability limit under Coverage A and B of $1,000,000.

18.     Venue in this court is appropriate under 28 U.S.C. §1391 as the policy of insurance which is the subject matter of this lawsuit was issued to the policyholder DRA within this judicial district, the judgment debtor DRA is a Pennsylvania company and, upon information and belief, a preponderance of class members reside in Pennsylvania.

## III.    THE NATIONWIDE PRIOR DECLARATORY JUDGMENT ACTION

19.     On July 24, 2012, Nationwide instituted a declaratory judgment action against DRA and Raymond H. Miley, III in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:12-cv-04208-JCJ ("the Prior Declaratory Judgment Action").   A true and correct copy of the Declaratory

Judgment Complaint filed in the Prior Declaratory Judgment Action is attached as Exhibit D.

20.     In the Prior Declaratory Judgment Action, Nationwide sought a declaration that it was not obligated to defend or potentially indemnify DRA or Miley for the allegations of liability in the Underlying Action.

21.     DRA and Miley answered the Declaratory Judgment Complaint and counterclaimed for declaratory relief. A true and correct copy of the DRA/Miley Answer and Counterclaim for Declaratory Relief is attached as Exhibit E.

22.     On July 24, 2013, the Honorable J. Curtis Joyner entered summary judgment in favor of Nationwide on its Declaratory Judgment Complaint and ordered that Nationwide had no duty to defend or indemnify DRA/Miley for the claims asserted in the Underlying Action.  A true and correct copy of said Order is attached as Exhibit F.

23.     DRA and Miley appealed the district court's order.

24.     The district court's order was affirmed by the Court of Appeals for the Third Circuit on January 9, 2014.  A true and correct copy of the Third Circuit Memorandum Opinion and Order, is attached as Exhibit G.

25.     The Third Circuit held that the allegations of liability in the Underlying Action did not give rise to a claim for "property damage" caused by an "occurrence" under the commercial general liability insurance policy and, therefore, Nationwide had no obligation to defend or indemnify DRA or Miley.

26.     Subsequent to the Third Circuit's decision, Nationwide withdrew from the defense of DRA and Miley in the Underlying Action.

## IV.     THE CITY SELECT COMPLAINT

27.     In the Underlying Action, City Select Auto Sales, Inc. filed a class action complaint against David Randall Associates, Inc. and Raymond Miley, III, which was docketed in the United States District Court for the District of New Jersey, Docket No. 11-cv-02658.

28.     According to the Complaint, and as established in the Underlying Action, David Randall Associates, Inc., on or about April 4, 2008 and May 15, 2006, faxed unsolicited advertisement to City Select Auto Sales, Inc. and sent or arranged to have sent 44,832 fax transmissions of the advertisement to other recipients.  See Exhibit "B" at ¶¶ 13, 14.  See also Opinion and Order, Hon. Jerome B. Simandle, March 27, 2015, Exhibit C.

29.     City Select Auto Sales, Inc. averred that the defendant, David Randall Associates, Inc. did not have its permission or that of the other recipients to send the fax advertisements.  See Exhibit "B" at ¶ 15.

30.     City Select alleged that defendant Miley participated in, authorized or approved a scheme to broadcast fax advertisements.  See Exhibit "B" at ¶ 12.

31.     City Select established in the Underlying Action that DRA did not have the permission of the recipients to send the fax advertisements.  See Opinion and Order, Hon. Jerome B. Simandle, March 27, 2015, Exhibit C.

32.     City Select Auto Sales, Inc. alleged and established in the Underlying Action that the defendant, David Randall Associates, Inc.'s unsolicited fax advertisements were a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.  See Exhibit "B" at Count I. See also Opinion and Order, Hon. Jerome B. Simandle, March 27, 2015, Exhibit C.

33.     City Select Auto Sales, Inc. further alleged that David Randall Associates, Inc. and Miley knew or should have known that Plaintiff City Select and the other putative class members did not give express invitation or permission or the defendants or anyone else to fax the advertisements and that these defendants did not have an "established business relationship" with the Plaintiff or the class members as defined by the TCPA.

34.     City Select Auto Sales, Inc. sought class certification of all persons who were alleged to have received unsolicited fax advertisements from or on behalf of David Randall Associates, Inc. for the period of March 29, 2006 through May 16, 2006.

35.     In the Underlying Action, the district court granted City Select summary judgment as to DRA's liability for having violated the TCPA.

36.     In the Underlying Action, the district court certified a class of persons or entities to whom DRA sent to a telephone facsimile machine, an unsolicited advertisement, on the identified dates and with whom DRA did not have an established business relationship.

37.     In the Underlying Action, the certified class was not restricted to persons or entities who had received the unsolicited fax advertisement sent on behalf of DRA or to those members whose fax machine printed the unsolicited fax advertisement.

38.     The district court held that DRA did not possess a list of intended fax recipients nor requested such a list from the vendor.  DRA was aware that the vendor intended to blast fax the advertisements to persons or entities in targeted zip codes in New Jersey, Pennsylvania and Delaware.  The district court found that DRA authorized the vendor to develop and conduct a blast fax advertising campaign. The district court found that DRA did not have consent to send the fax advertisements.

39.     The district court found that there were 44,832 successful fax transmissions to 29,113 fax numbers. Excluding the number of persons requesting to be excluded from the class, the court found that there were 44,810 violations of the TCPA. Based on that finding, the court entered judgment in favor of City Select and the class against DRA for the statutory damages available under the TPCA of $500 per fax transmission, in the total amount of $22,405,00.

40.     The district court's judgment did not encompass any factual finding that any of the class members received printed fax advertisements.

41.     The district court's judgment was based solely on the fact the DRA vendor successfully transmitted the fax communication to 29,113 fax numbers.

8

42.   The district court's judgment was not based on any evidence that any class member lost the use of their fax machine.

43.   The printing of fax advertisements or the loss of use of a fax machine is not a required element of liability under the TCPA.

## V.   THE HARLEYSVILLE POLICY

44.   Harleysville Mutual Insurance Company issued a policy of commercial general liability insurance to defendant, David Randall Associates, Inc. (Policy No. MPA 9G7630) with effective dates of July 1, 2005 to July 1, 2006.  A true and correct copy of Policy No. MPA 9G7630 is attached as Exhibit "H" (hereinafter referenced as "the Policy").

45.   The commercial general liability insurance coverage form was issued pursuant to ISO form number CG 0001 (12 04).

46.   ISO form number CG 0001 (12 04) provides, in relevant part, as follows:

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.   Insuring Agreement**

a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

9

\*\*\*

b.   This insurance applies to "bodily injury" and "property damage" only if:

(1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory";

(2)   The "bodily injury" or "property damage" occurs during the policy period.

47.   "Property damage" is defined as:

a.   Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.   Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

48.   The Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

49.   The following relevant exclusion is contained under Coverage A:

2.   **Exclusions**

This insurance does not apply to:

a.   **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting

10

from the use of reasonable force to protect persons or property.

50.    ISO form number CG 0001 (12 04) further provides, in relevant part, as follows:

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1.    Insuring Agreement

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

***

b.    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

51.    "Personal and advertising injury" is defined to include:

Injury, including consequential "bodily injury", arising out of one or more of the following offenses:

e.    Oral or written publication, in any manner, of material that violates a person's right of privacy

52.    The following relevant exclusion is contained under Coverage B:

2.    **Exclusions**

11

This insurance does not apply to:

**a.**    **Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

53.    The Policy contained an exclusion for damages claimed to arise from the sending of unsolicited faxes, telephone calls and emails is incorporated into the policy by endorsement.   The endorsement regarding unsolicited faxes, telephone calls and emails was issued pursuant to ISO form number CG 7248 (12 04) which provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

**EXCLUSION   -   UNSOLICITED   FAXES, TELEPHONE CALLS AND EMAILS**

Paragraph 2., Exclusions of Coverage B PERSONAL AND ADVERTISING INJURY LIABILITY under Section 1 - COVERAGES is amended by the addition of the following:

This insurance does not apply to:

**o.**    **Unsolicited faxes, telephone calls and emails**

"Personal and advertising injury" arising from unsolicited faxes, telephone calls or emails and other similar acts and practices which are subject to and prohibited by any state or federal law, rule or regulation governing the abuses associated with unsolicited faxes, telephone calls or emails and other similar acts and practices including but not limited to:

a.    the Federal Telephone Consumer Protection Act;

b. the Federal Telemarketing and Consumer Fraud and Prevention Act;

c. the Federal Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM Act");

d. federal and state do-not-call laws, rules, registries and regulations;

e. federal and state securities laws;

f. any similar state or federal statute or any amendment to any of the above; and

g. any rule or regulation promulgated by the Federal Communication Commission; Federal Trade Commission; Federal Securities and Exchange Commission or other Federal or State agency pursuant to any of the above laws.

## VI. CLASS ALLEGATIONS

54. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action pursuant to the Declaratory Judgments Act, seeking a declaration as to its rights and obligations as to the proposed Defendant class which are those persons which comprise the Class previously certified by the court in City Select Auto Sales, Inc. v. David Randall Associates, Inc., No. 11-cv-2658 (D.N.J.) and which consists of:

> All persons who were successfully sent one or more faxes during the period March 29, 2006, through May 16, 2006, stating, "ROOF LEAKS??? REPAIRS AVAILABLE. Just give us a call and let our professional service technicians make the repairs!" and "CALL: David/Randall Associates, Inc. TODAY".

55.  <u>Numerosity</u>.  [Fed. R. Civ. P. 23 (A)(1)] The class includes thousands of persons and, therefore, is so numerous that individual joinder would be impracticable.

56.  <u>Commonality</u>.  [Fed. R. Civ. P. 23 (A)(2)] Common questions of law and fact apply to the adjudication of the declaratory judgment action as to each member of the class including but not limited to the following:

1.  Whether the individual received the referenced unsolicited fax advertisement sent on behalf of DRA;

2.  Whether the individual sustained "property damage" by reason of DRA's conduct in sending the unsolicited fax advertisement as that term is defined by the Harleysville insurance policy;

3.  Whether the individual's interest in recovering on the judgment entered against DRA in the Underlying Action from the proceeds of the Harleysville liability insurance policy issued to DRA was aligned with DRA's interests in the prior Declaratory Judgment Action such that the individual is bound by the adjudication in the prior Declaratory Judgment Action;

4.  Whether the Harleysville insurance policy confers indemnification coverage for the judgment entered in favor of the class in the Underlying Action;

5.  Whether DRA's liability to the individual members was based on an "occurrence" as defined by the Harleysville policy;

6.  Whether DRA's liability to the individual members was based on damages that DRA intended or reasonably expected to occur based on its conduct;

7.  Whether DRA's liability to the individual members was based on a "personal and advertising injury" as defined by the Harleysville policy;

14

8. Whether DRA's liability to the individual defendants, if based on a "personal and advertising injury" was removed from the scope of coverage under the Harleysville policy exclusionary endorsement CG 7248 which removes coverage for any damages arising from a "personal and advertising injury" caused by the transmission of unsolicited faxes, telephone calls and emails;

9. Whether DRA's liability to the individual defendants is based on a "personal and advertising injury" caused by DRA's knowing violation of the rights of another;

57. <u>Typicality.</u> [Fed. R. Civ. P. 23 (a)(3)] The claims or defenses of the proposed representative party, City Select Auto Sales, Inc. is typical of the claims of the class.

58. <u>Fair and Adequate Representation.</u>  [Fed. R. Civ. P. 23 (a)(4)] The proposed representative party, City Select Auto Sales, Inc. will fairly and adequately represent the interests of the class, as it is the certified class representative in the Underlying Action.

59. <u>Risk of Varying Adjudications.</u> [Fed. R. Civ. P. 23(b)(1). The prosecution of separate actions by individual class members against Plaintiff with regard to the availability of indemnification coverage for DRA to satisfy the judgment in the Underlying Action would establish incompatible standards of conduct for Plaintiff.  The prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual class members that would as a practical matter be dispositive of the interests of other members not parties to the individual adjudications would substantially impair or impede their ability to protect their interests.

15

60.    <u>Predominance and Superiority of Class Action</u>. [Fed. R. Civ. P. 23 (b)(3)
Questions of law and fact common to the proposed class members predominate over
any questions affecting only individual members.  A class action is superior to other
available means for fairly and efficiently adjudicating the controversy over whether
any individual member's claim for recovery on the judgment against DRA in the
Underlying Action is encompassed by the Harleysville liability insurance coverage
issued to DRA.

<u>**COUNT I-DECLARATORY JUDGMENT- ISSUE PRECLUSION**</u>

61.    Plaintiff incorporates the averments set forth in paragraphs one
through 60 as if fully set forth at length herein.

62.    The individual members of the proposed class are in privity with DRA
as respects any claim for insurance coverage for indemnification of DRA under the
Harleysville insurance policy for the judgment entered against DRA in the
Underlying Action.

63.    Privity for purposes of issue preclusion is a mutual or successive
relationship to the same rights or property, in this case, the available
indemnification rights under the Harleysville insurance policy, or such
identification of interest of one person with another so as to represent the same
legal right.

64.    DRA's interest in securing insurance coverage under the Harleysville
Policy for the claims made in the Underlying Action was identical to the interests of

the individual defendants in securing a monetary recovery from the Harleysville insurance policy for the judgment entered against DRA.

65.   DRA had a full and fair opportunity to litigate the insurance coverage issue implicated by the claims made in the Underlying Action as it unsuccessfully presented arguments in favor of insurance coverage under the Harleysville Policy for the claims in the Underlying Action.

66.   DRA pled in the prior Declaratory Judgment Action that the claims presented by City Select against DRA were based on "property damage" caused by an "occurrence" as those terms are defined by the Harleysville insurance policy.

67.   DRA pled in the prior Declaratory Judgment Action that the claims presented by City Select against DRA were based on "personal and advertising injury" as defined by the Harleysville insurance policy.

68.   DRA pled in the prior Declaratory Judgment Action that the claims for damages due to "property damage" or "personal and advertising injury" were not excluded from coverage.

69.   DRA correctly acknowledged to the court during the pendency of the prior Declaratory Judgment Action, that the Pennsylvania Superior Court ruled in the matter of <u>Telecommunications Network Design, Inc. v.Brethren Mutual Ins. Co.</u>, 5 A. 3d 331 (Pa. Super. 2010) that allegations of liability under the TCPA are not encompassed by the "personal and advertising injury" coverage of the commercial general liability insurance policy.

70.     The insurance coverage issues presented in this Declaratory Judgment Action is identical to the insurance coverage issues in the Prior Declaratory Judgment Action.

71.     There was a final adjudication on the merits of the insurance coverage declaratory action in the prior Declaratory Judgment Action in which the district court and the Third Circuit held that the Harleysville insurance policy did not afford liability insurance coverage for the claims made in the Underlying Action.

72.     Under the doctrine of issue preclusion, the question of whether the City Select claim and those of the class members triggered insurance coverage under the Harleysville insurance policy issued to DRA was fully and finally litigated and fully determined by the district court and Third Circuit.

73.     Accordingly, City Select and the individual class members are bound by the adjudication in the prior Declaratory Judgment Action that the Harleysville Policy does not afford coverage for the indemnification of DRA for its liability in the Underlying Action.

74.     Alternatively, City Select and the individual class members' rights are derivative of the rights of DRA under the Harleysville Policy such that the adjudication in favor of Nationwide and against DRA precludes re-litigation of the insurance coverage issues.

**WHEREFORE**,  Plaintiff requests entry of a declaratory judgment in its favor and against Defendants and requests entry of an order declaring that Plaintiff is

not obligated to indemnify David Randall Associates for the judgment in the Underlying Action and is not obligated to pay any monies to the Class.

## COUNT II-DECLARATORY JUDGMENT-NO OCCURRENCE

75.    Plaintiff incorporates the averments of Paragraphs 1 through 74 as if fully set forth herein.

76.    The Harleysville policy provides liability coverage for a legal obligation to pay damages because of "property damage" only if same is caused by an "occurrence".

77.    City Select Auto Sales, Inc. alleges that David Randall Associates, Inc. sent unsolicited fax advertisements to it and thousands of other persons.

78.    If City Select Auto Sales, Inc. and others have suffered "property damage" as alleged in the Underlying Complaint, the alleged damage was not caused by an "occurrence", as the sending of a fax transmission is a voluntary action which ordinarily and necessarily causes the depletion of fax paper and toner ink on the part of the fax recipient, will occupy the fax machine, and necessitate the handling or disposal of the fax advertisement.  The claimed damages are not the result of an accident, i.e., an "occurrence" because it is not fortuitous that fax paper or fax toner ink would be used as the result of the sending of a fax transmission, not is it fortuitous that the fax machine would be occupied as a result of the receipt of a fax machine would be occupied as a result of the receipt of a fax transmission.

79.    Nationwide has no obligation to defend or indemnify David Randall Associates, Inc. in the Underlying Action under Coverage A of the Policy for actual

damages claimed to have resulted from the sending of the faxes or for statutory damages awarded under the TCPA based on such events because such damages are not the result of an "occurrence".

80.     City Select Auto Sales, Inc. and the individual class members did not give permission to David Randall Associates to send fax advertisements to itself.

81.     David Randall Associates, Inc. had actual or constructive knowledge that no one gave permission to send the fax advertisements.  DRA authorized, approved and participated in the sending of unsolicited fax advertisements.

82.     David Randall Associates contracted for the sending of fax advertisements to persons within designated zip codes or counties without prior knowledge that the intended recipients of the fax advertisements had expressly consented to receive such material or had previously agreed to receive such material.

83.     Upon information and belief, David Randall Associates was informed by certain fax recipients that they did not request to receive such material and did not want to receive further fax advertisements.  Notwithstanding this fact, David Randall Associates approved the sending of blast fax advertisements.

**WHEREFORE**, Plaintiff requests entry of a declaratory judgment in its favor and against Defendants and requests entry of an order declaring that Plaintiff is not obligated to indemnify David Randall Associates for the judgment in the Underlying Action and is not obligated to pay any monies to the Class.

## COUNT III – DECLARATORY JUDGMENT –
## NO PROPERTY DAMAGE

84.     Plaintiff incorporates all allegations of paragraphs 1 through 83 as if fully set forth herein.

85.     The Policy provides coverage only for "property damage" if the "property damage" is caused by an "occurrence".

86.     City Select Auto Sales, Inc. seeks recovery of statutory damages awarded by the district court under the TCPA in the amount of $500.00 per violation of the statute.

87.     The judgment in the Underlying Action is not based on any of the class members sustaining "property damage".

88.     The Class Members have not proffered evidence of "property damage".

89.     Statutory damages recoverable under the TCPA are not to compensate for actual "property damage" sustained by the recipient of the fax transmission. Nationwide has no obligation to defend or indemnify David Randall Associates, Inc. for the claimed statutory damages of $500.00 per violation of the TCPA including attorney's fees and interest as such damages do not constitute "property damage".

**WHEREFORE**,  Plaintiff requests entry of a declaratory judgment in its favor and against Defendants and requests entry of an order declaring that Plaintiff is not obligated to indemnify David Randall Associates for the judgment in the Underlying Action and is not obligated to pay any monies to the Class.

## COUNT IV – DECLARATORY JUDGMENT
## INTENDED OR EXPECTED INJURY EXCLUSION

90.     Plaintiff incorporates the allegations to paragraphs 1 through 89 as if fully set forth herein.

91.     The Policy contains an exclusion which removes liability coverage for "property damage" expected or intended from the standpoint of the insured.

92.     City Select Auto Sales, Inc. alleged and established that David Randall Associates, Inc. sent faxes to it and thousands of other persons without first obtaining its/their express invitation or permission to send faxes to them.

93.     Any damages caused by the transmission of unsolicited faxes by David Randall Associates, Inc. or on its behalf is excluded from coverage under the "Expected or Intended" exclusion of the Harleysville Policy as David Randall Associates, Inc. intended or reasonably expected that the fax recipient would receive a printed advertisement to read, thus using the recipient's fax paper and toner ink and necessitating the handling or disposal of the fax paper.

**WHEREFORE**,  Plaintiff requests entry of a declaratory judgment in its favor and against Defendants and requests entry of an order declaring that Plaintiff is not obligated to indemnify David Randall Associates for the judgment in the Underlying Action and is not obligated to pay any monies to the Class.

## COUNT V-DECLARATORY JUDGMENT
## NO PERSONAL AND ADVERTISING INJURY

94.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 93 as if fully set forth herein.

95.     The damages awarded the Class in the Underlying Action are not the result of a "personal and advertising injury" offense as defined by the Harleysville Policy.

96.     The allegations in the Underlying Action do not describe a claim for damages caused by "personal and advertising injury" offense as defined by the Policy damages caused by a "personal and advertising injury" offense as defined by the Policy to include the written or oral publication of material that violates a person's or organization's right of privacy.   The receipt of an unsolicited fax advertisement does not implicate the publication of material that violates a privacy interest.

97.     Pennsylvania law provides that the "personal and advertising injury" coverage of the Harleysville Policy does not afford insurance coverage for allegations of liability based on the sending of blast fax advertisements in violation of the TCPA.

**WHEREFORE**,  Plaintiff requests entry of a declaratory judgment in its favor and against Defendants and requests entry of an order declaring that Plaintiff is not obligated to indemnify David Randall Associates for the judgment in the Underlying Action and is not obligated to pay any monies to the Class.

## COUNT VI – DECLARATORY JUDGMENT
## BLAST FAX AND KNOWING ACT EXCLUSIONS

98.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 97 as if fully set forth herein.

23

99.   The Policy contains an exclusionary endorsement, Form CG 7248 which removes insurance coverage for any damages arising from a "personal and advertising injury" caused by the transmission of unsolicited faxes, telephone calls and emails.

100.   The exclusionary endorsement removes any putative coverage under Coverage B as the judgment was based on the transmission of unsolicited faxes.

101.   In the alternative, the damages claimed by City Select Auto Sales, Inc. on its behalf or on behalf of the putative class members were caused by DRA's knowing violation of the rights of another and are therefore excluded from coverage under Exclusion 2.a. of Coverage B.

**WHEREFORE**,  Plaintiff requests entry of a declaratory judgment in its favor and against Defendants and requests entry of an order declaring that Plaintiff is not obligated to indemnify David Randall Associates for the judgment in the Underlying Action and is not obligated to pay any monies to the Class.

Respectfully submitted,

SWARTZ CAMPBELL LLC

S/William T. Salzer
William T. Salzer
Attorney for Plaintiff,
Nationwide Mutual Insurance Company,

24